JOURNAL ENTRY AND OPINION
Appellant, Marcus Bishop, is appealing his conviction for two counts of assault on a police officer. For the following reasons, we affirm.
Officer Timothy Ward of the Cleveland Police Department testified that on December 19, 1998, he was working as a security guard in Tower City. He was wearing his police uniform. Someone loudly said, "F — the police." He looked back and saw appellant pointing at him and his partner, saying, "Yeah, you motherf — !" The Tower City rules prohibited swearing. Ward and his partner, Officer Dunn, asked appellant to leave Tower City because he was in violation of the rules. Appellant loudly responded, "F — you. I did not steal nothing." Appellant went into Dairy Queen.
Ward testified that the officers went into Dairy Queen. The officers were on either side of appellant, holding him by the arms. They told appellant he was under arrest for disorderly conduct, and dragged him out of Dairy Queen. When they were out in the mall, appellant kicked at the officers and threw his elbows at them. Appellant kicked Ward in the shins. Ward heard a woman say, "Officer, he's got your gun!" Ward did not see appellant's hand on Dunn's gun. Ward sprayed appellant with pepper spray.
On cross-examination, Ward stated that Dunn's gun was on his left side. The gun was strapped down with a snap on it.
Officer Dunn testified to basically the same events as Officer Ward. Dunn said that he was punched and kicked by appellant. He was standing on appellant's left, and his gun was on his right side. He was holding appellant with his left hand. While Dunn was calling on the radio for assistance, he felt his gun go straight up out of his holster. Appellant had the gun a second or two until Dunn took it from him.
Marcus Bishop testified that Officer Dunn had previously arrested him for underage possession of alcohol. Dunn told him that every time he saw appellant, he would arrest him. Dunn never appeared at the proceedings for underage possession, so that charge was dismissed.
Appellant further testified that he saw Dunn at Tower City and went into Dairy Queen to hide. Dunn and his partner grabbed him out of there. Appellant said he did not steal anything. Appellant did not use profanity. The officers immediately handcuffed him and maced him. He did not fight the officers. The police took his money when they booked him, and did not give all of it back.
The defense attorney stated in closing arguments:
 Is he guilty of this aggravated robbery, taking a gun with the intent of doing something? No. Was he potentially guilty of maybe some of the lesser offenses which the Judge will explain to you, of maybe the assault on a police officer? That's possible and, even then, we were in a bad situation. We all understand that. Marcus may not have understood it as well as the rest of us, but Marcus is not someone who is looking to do any harm there.
Appellant's attorney argued that it was not incredible that Dunn tried to expel appellant from Tower City because Dunn wanted to get back at appellant. Marcus felt he was being picked on and scrambled to get away.
The jury acquitted appellant of aggravated robbery of the gun. They convicted him on two counts of assaulting a police officer.
Appellant's sole assignment of error states:
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.
To demonstrate ineffective assistance of counsel, appellant must show (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Deference is given to the strategic decisions of counsel. Id. Prejudice occurs when there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra.
Counsel is ineffective when he argues self defense in direct opposition to his client's testimony that the stabbing was an accident. State v. Underdown (1997), 124 Ohio App.3d 675. The attorney should not present what he thinks is a more plausible version of the facts, if this version contradicts the defendant's testimony, and the defendant's explanation was plausible, albeit unlikely. Id. The error is compounded when trial counsel stated that only some of what his client says is true. Id. Trial counsel should not undermine his client's credibility. Id.
In this case, counsel's closing arguments did not conflict with appellant's testimony. Cf. State v. Smiley (Oct. 28, 1999), Cuyahoga App. No. 72026, unreported. Appellant stated that he did not fight the police officers, but did not state that no contact or struggle took place. Defense counsel's arguments did not undermine appellant's credibility because they were not necessarily inconsistent with appellant's testimony. In fact, counsel argued that appellant's testimony was credible. Also, the closing argument only stated that appellant may be guilty of assault on a police officer, and was not an admission of guilt.
Even if the closing arguments constituted an admission of guilt on the assault charge, this may have been a reasonable trial strategy. It may be a reasonable trial strategy to admit that some offenses were committed, while arguing other offenses were not committed. See State v. Rosado (Nov. 7, 1996), Cuyahoga App. No. 70428, unreported; State v. Young (Apr. 19, 1999), Fairfield App. No. 30-CA-85, unreported.
Even if the closing arguments substantially violated an essential duty, appellant has not shown he was prejudiced thereby. There was not a reasonable probability that, but for the closing argument, the jury would have acquitted appellant on all charges. Even if counsel's remarks drew appellant's credibility into question, appellant was not a credible witness to begin with. It is difficult to believe that Officer Dunn pulled appellant out of a store, maced and handcuffed him, solely because he had previously arrested appellant for underage possession. This is especially true when the officer did not even appear for the underage possession charge. Appellant also lied about past convictions. Additionally, unlike Smiley, supra, two police officers testified that appellant assaulted them, not just one officer. The court's instruction that closing arguments are not evidence further decreased the probability that the closing arguments influenced the result of the proceedings. See State v. Evans
(1992), 63 Ohio St.3d 231, 239.
Appellant has not shown he was prejudiced by any unprofessional errors of his counsel.
Appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is, therefore, considered that said appellee recover of appellant its costs herein.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., AND BLACKMON, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE